# IN THE CIVIL COURT OF THE FIFTH
## JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA

06CA263

DAWN EDGAR Personal Representative
of the Estate of **DENISE OSSICK**,
Deceased, and **THOMAS FISKE, JR.,**
**CHRISTOPHER FISKE; and CHRISTINA**
**FISKE**, natural minor children of the deceased,

      Plaintiffs,

vs.

**LAKE COUNTY, FLORIDA;**
**THE LAKE COUNTY SHERIFF'S OFFICE;**
**J.M. "BUDDY" PHILLIPS**, Immediate Past Lake
County Sheriff, **CHRIS DANIELS**, current Lake County
Sheriff; **LISA WILSON, LPN; FAY ANGLES, LPN;**
**DETARA WESLEY; BRIA BRITTEN;**
**TRACY FERGUSON;** and
**BRIAN WARDINGLEY**

5:06-CV-158-ℓe 10 GRJ

      Defendants.

_____/

### PLAINTIFF'S COMPLAINT
### AND DEMAND FOR JURY TRIAL

    Plaintiffs sue Defendants and state:

    1.    This is an action for deprivation and violation of civil rights guaranteed by the

United States Constitution, medical negligence and wrongful death. The amount in controversy

is in excess of Fifteen thousand dollars, exclusive of interests, costs and attorneys' fees.

    2.    Venue and jurisdiction are proper in this Court because all of the wrongful acts

complained of occurred within Lake County Florida.



3.    All conditions precedent to the filing of this action have either been performed or waived, including notice to Defendants as required under §768.28, Fla. Stat.

4.    **DAWN EDGAR** was appointed Personal Representative of the Estate of **DENISE OSSICK** by Letters of Administration issued on September 21, 2005 . The Estate is a beneficiary under Florida's Wrongful Death Act and is entitled to recover damages under 42 U.S.C. §1983.

5.    **THOMAS FISKE, JR., CHRISTOPHER FISKE; and CHRISTINA FISKE** are the natural minor children of **DENISE OSSICK** and are entitled to maintain a cause of action for the permanent loss of their familial relationship with her, and for their pain and suffering under 42 U.S.C. §1983. They are also **DENISE OSSICK'S** "survivors" and "minor" children under Florida's Wrongful Death Act, and are therefore beneficiaries under the Act. Further, at the time of **DENISE OSSICK'S** death, the children were dependent, in part, upon her for financial support.

6.    Defendant **LAKE COUNTY** (hereinafter referred to as "**COUNTY**") was, at all times material hereto, the governing body of Lake County and pursuant to *Florida Statutes* 951.06 and 951.061 was responsible for the conduct of the employees and agents of Lake County government and the Lake County Sheriff, including its operation of the Lake County Detention Center, for establishing customs, policies, and procedures to regulate the conduct of agents and employees of the Lake County Sheriff's Office, including the Corrections Bureau, and the Detention Bureau, and for ensuring that employees and agents of the Lake County Sheriff, Corrections Bureau, and the Detention Bureau, obeyed the laws of the State of Florida and the United States.

7.      The Lake County Detention Center is a facility of Lake County government and, as such, falls under the auspices, control, and responsibility of the **COUNTY.**

8.      Defendant **LAKE COUNTY SHERIFF'S OFFICE** operates and controls the Lake County Detention Center and hires, fires, oversees, and is responsible for their employees, including the SHERIFF, the Deputies, the Correction Officers, and the Nurses in the Detention Center.

9.      Defendant **SHERIFF PHILLIPS** was the head of the LAKE COUNTY SHERIFF'S OFFICE and operated the Detention Facility at all times material to this action, and as such was the head of the operating entity and was responsible for establishing customs, policies, and procedures to regulate the conduct of agents and employees of the Lake County Sheriff, and for ensuring that employees and agents of the Lake County Sheriff obeyed the laws of the State of Florida and the United States, and followed the Policies and Procedure of the Sheriff's Office.

10.     Defendant **SHERIFF DANIELS** currently acts as the head of the Lake County Sheriff's Office which operated the Detention Facility at all times material to this action, and as such represents the entity and responsible for establishing customs, policies, and procedures to regulate the conduct of agents and employees of the Lake County Sheriff, and for ensuring that employees and agents of the Lake County Sheriff obeyed the laws of the State of Florida and the United States, and followed the Policies and Procedure of the Sheriff's Office.

11.     Defendant **WILSON** was, at all times material hereto, employed by the **COUNTY** and/or **SHERIFF'S OFFICE** as a Licensed Practical Nurse assigned to the Detention Facility. **WILSON** was charged with the responsibility of providing nursing services to **DENISE OSSICK** during her confinement at the Detention Facility on March 3, 2004.

12.    Defendant **ANGLES** was, at all times material hereto, employed by the **COUNTY** and/or **SHERIFF'S OFFICE** as a Licensed Practical Nurse assigned to the Detention Facility.  **ANGLES** was charged with the responsibility of providing nursing services to **DENISE OSSICK** during her confinement at the Detention Facility on March 3, 2004.

13.    Defendant **WESLEY** was, at all times material hereto, a Corrections Officer employed by **LAKE COUNTY** and/or the **LAKE COUNTY SHERIFF'S OFFICE** at the Detention Facility.

14.    Defendant **BRITTEN** was, at all times material hereto, a Corrections Officer employed by **LAKE COUNTY** and/or the **LAKE COUNTY SHERIFF'S OFFICE** at the Detention Facility.

15.    Defendant **FERGUSON** was, at all times material hereto, a Corrections Officer employed by **LAKE COUNTY** and/or the **LAKE COUNTY SHERIFF'S OFFICE** at the Detention Facility.

16.    Defendant **WARDINGLEY** was, at all times material hereto, a Corrections Officer employed by **LAKE COUNTY** and/or the **LAKE COUNTY SHERIFF'S OFFICE** at the Detention Facility.

## COMPLIANCE WITH PRESUIT REQUIREMENTS AS TO MEDICAL NEGLIGENCE COUNTS HEREIN

17.    All conditions precedent to the filing of this action, including compliance with *Fla. Stat.* §766.106 and 766.203, have been performed or have been waived.

18.    All conditions precedent to filing of this action, including compliance with *Florida Statutes*, Section 768.28(6), have been performed or have been waived.

19.    On or about February 14, 2006 the Plaintiff served, by Certified Mail Return Receipt Requested, a Section 766 ninety (90) day Notice of Intent to Initiate Litigation on **LAKE COUNTY.**

20.    On or about February 14, 2006, the Plaintiff served, by Certified Mail Return Receipt Requested, a Section 766 ninety (90) day Notice of Intent to Initiate Litigation on **SHERIFF.**

21.    On or about February 14, 2006, the Plaintiff served, by Certified Mail Return Receipt Requested, a ninety (90) day Notice of Intent to Initiate Litigation on **WILSON.**

22.    On or about February 14, 2006, the Plaintiff served, by Certified Mail Return Receipt Requested, a Section 766 ninety (90) day Notice of Intent to Initiate Litigation on **ANGLES.**

23.    At this time, none of the named defendants above have responded to the Section 766 Notice of Intent letters.  Plaintiff is filing this complaint at this time to avoid any possible statute of limitation defenses and will amend the Complaint to reflect that all statutory pre-suit requirements have been met upon completion of same.

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

24.    On or about March 3, 2004 plaintiff **DAWN EDGAR** called the **LAKE COUNTY SHERIFF'S OFFICE** from California expressing her concern about her sister **DENISE OSSICK.  DAWN EDGAR** informed the **SHERIFF** that her sister had a history of drug use and was suffering from medical/psychiatric conditions.

25.    At that time, and prior to that call from **DAWN EDGAR, THE SHERIFF'S OFFICE** had actual notice from their prior detainments that **MS. OSSICK** suffered from Asthma, arthritis, Multiple Sclerosis, past drug use, Bi-polar Disorder, and was on several

prescription medications for these conditions.

26.     After receiving **MS. EDGAR**'s call, several **SHERIFF'S** deputies located **MS. OSSICK,** arrested her, took her into custody, charged her with "probation violation", and took her to the Lake County Detention Center for booking.

27.     At the Detention Center, **MS. OSSICK** was ordered to strip off her clothes, take a shower, and put on a "suicide smock". When she refused to do so quickly enough, the 5'2" 102 lbs **MS. OSSICK** was physically assaulted by several Corrections Officers, knocked to the wall, hand-cuffed and forced into the smock by strapping it around her naked body.

28.     Correction     Officers     **WESLEY,     BRITTEN,     FERGUSON     AND WARDINGLEY** then physically carried **MS. OSSICK** to "Restraint Cell 1" and forced into the "restraint chair" bolted in the center of the room.

29.     Correction     Officers     **WESLEY,     BRITTEN,     FERGUSON     AND WARDINGLEY** then secured **MS. OSSICK** into the chair by placing straps around her in several places and shackling her legs to the chair.

30.     After tying **DENISE OSSICK** into the "restraint chair", the Corrections Officers summoned nurses **WILSON and ANGLES** who performed a cursory check of the restraints. However, **WILSON and ANGLES** failed to perform any type of appropriate nursing, medical, mental health counseling or toxicology screening of **DENISE OSSICK** at that time or prior to her placement in the restraint chair.

31.     At all times material to this action, all named defendants knew that the "restraint chair" used on **DENISE OSSICK** had been negligently altered and or negligently maintained by all defendants making it defective and dangerous to the point that it was a hazard to the life and safety of **DENISE OSSICK.** Yet they chose to use the chair evidencing a deliberate indifference to her life, health and safety.

32.     After tying **DENISE OSSICK** into the "restraint chair", defendants **WESLEY, BRITTEN, FERGUSON , WARDINGLEY, WILSON** and **ANGLES** left **MS. OSSICK** alone unsupervised for an unreasonable amount of time such that her struggling and maneuvering caused the defective and negligently placed strap to cut off oxygen and her ability to breath.  She was unsupervised long enough to become unresponsive and without a pulse from lack of oxygen, causing her untimely death.

33.     After defendants finally checked on **MS. OSSICK**  and discovered her unresponsive and strangled by one of the restraint straps they negligently secured on her, they unreasonably delayed providing immediate and necessary life-saving measures due to incompetence and lack of appropriate supplies such as a "rescue breathing mask" and other devices.

34.     After finding **MS. OSSICK** brain-dead in their "restraint chair", all defendants engaged in conduct designed to conceal the exact nature of the incident, which included initially providing false information to **DAWN EDGAR** and other family members.  This conduct caused plaintiffs to suffer further stress and emotional pain and suffering.

35.     All named Defendants were negligent in at least one or more of the following negligent acts or omissions:

> A) Failing to conduct any appropriate nursing, medical, mental health counseling or toxicology screening of **Denise Ossick,**
>
> B) Failing to take an appropriate medical history of **Denise Ossick** when she was booked into the jail;
>
> C) Failing to properly evaluate and screen **Denise Ossick** before placing her in the "restraint chair";

D) Failing to realize that **Denise Ossick** was clearly not an appropriate candidate for the "restraint chair" when they knew and had actual notice from prior dealings with her that she suffered from Multiple Sclerosis, asthma, arthritis, bi-polar disorder, and a past history of drug use;

E) Failing to implement appropriate standards and policies for screening, evaluating, and placing inmates in the "restraint chair", or in the alternative, failing to follow those standards and policies in this case;

F) Exhibiting deliberate indifference and recklessness by knowingly placing Denise Ossick in a defective "restraint chair" which was clearly a risk to her life and safety;

G) Failing to appropriately place and secure **Denise Ossick** in the restraint chair such that her maneuvering caused the defective strap to strangle her to death;

H) Failing to appropriately monitor **Denise Ossick** after placing her in the restraint chair as evidenced by the fact that she was unsupervised long enough to become unresponsive and without a pulse from lack of oxygen;

I) Failure to obtain orders, intervention, or any form of treatment, including ongoing assessment of and proper medical management, to include appropriate medications, appropriate monitoring of vital signs, of **OSSICK** once she was placed in the restraint chair.

J) Failure to adequately train its employees, agents or servants to properly evaluate, monitor and manage inmates once placed in a "restraint chair";

K) Failure to equip or establish its Detention Facilities in such a way that they would be capable of adequately intervening or managing the treatment of inmates who experience problems in the "restraint chair";

L)  All of this conduct was under color of state law and constitutes a clear and

deliberate indifference to her life, safety and welfare.

### COUNT I
### NEGLIGENCE RESULTING IN WRONGFUL DEATH
### AGAINST DEFENDANT LAKE COUNTY
### (VICARIOUS LIABILITY FOR SHERIFF'S OFFICE, J.M. "BUDDY" PHILLIPS,
### CHRIS DANIELS, LISA WILSON, LPN; FAY ANGLES, LPN; DETARA WESLEY;
### BRIA BRITTEN;
### TRACY FERGUSON; and BRIAN WARDINGLEY)

36.     Plaintiff realleges and incorporates by reference paragraphs 1 through 35, above,

as though fully set forth therein.

37.     This is an action for Wrongful Death pursuant to Section 768.28, Florida Statutes,

for the negligent acts of the corrections officers, **WESLEY, BRITTEN, FERGUSON AND**

**WARDINGLEY** and health care providers, **WILSON AND ANGLES** who were acting as the

agents, servants or apparent agents of **COUNTY** while **OSSICK** was incarcerated.

38.     As a direct and proximate result of the conduct of Defendant **LAKE COUNTY**

and its employees, servants and agents as set forth above, **OSSICK** died on March 4, 2004.

39.     At the time of her death, **OSSICK** left behind survivors and beneficiaries under

Florida's Wrongful Death Act, including her estate, and her children, **THOMAS FISKE, JR.,**

**CHRISTOPHER FISKE; and CHRISTINA FISKE.**

WHEREFORE, Plaintiff demands judgment and damages against Defendant **LAKE**

**COUNTY**, including damages for the past and future loss of support and services, past and

future lost parental companionship, instruction and guidance and the past and future mental pain

and suffering of **OSSICK's** children, medical and funeral expenses, loss of net accumulation by

the Estate and any other damages recoverable under Florida law.  Plaintiff demands a trial by

jury of all issues so triable.

## COUNT II
## NEGLIGENCE RESULTING IN PAIN AND SUFFERING
## OF OSSICK AGAINST DEFENDANT LAKE COUNTY
### (VICARIOUS LIABILITY FOR SHERIFF'S OFFICE, J.M. "BUDDY" PHILLIPS, CHRIS DANIELS, LISA WILSON, LPN; FAY ANGLES, LPN; DETARA WESLEY; BRIA BRITTEN; TRACY FERGUSON; and BRIAN WARDINGLEY)

40.     Plaintiff realleges and incorporates by reference paragraphs 1 through 35 above, as though fully set forth herein.

41.     This is an alternative survival action to Count I above for pain and suffering of **OSSICK** pursuant to Section 46.021, Florida Statutes, for the negligent acts of the corrections officers, **WESLEY, BRITTEN, FERGUSON AND WARDINGLEY** and health care providers, **WILSON AND ANGLES** and who were acting as the agents, servants or apparent agents of **LAKE COUNTY** while **OSSICK** was incarcerated.

42.     As a direct and proximate result of the conduct of Defendant **LAKE COUNTY** and its employees, servants and agents as set forth above, **OSSICK** suffered severe mental and physical pain and suffering prior to her death on March 4, 2004.

WHEREFORE, Plaintiff demands judgment and damages against Defendant **LAKE COUNTY**, including damages for the mental and physical pain and suffering of **OSSICK** and any other damages recoverable under Florida law. Plaintiff demands a trial by jury of all issues so triable.

## COUNT III
## MEDICAL NEGLIGENCE RESULTING IN WRONGFUL DEATH AGAINST
## DEFENDANT LAKE COUNTY
### (AND VICARIOUS LIABILITY FOR SHERIFF'S OFFICE, PHILLIPS, DANIELS, WILSON AND ANGLES)

43.     Plaintiff realleges and readopts by reference paragraphs 1 through 35, above, as if fully set forth herein.

44.     At all times material hereto, **LAKE COUNTY** held itself out to the public as operating a Detention Facility in Lake County, Florida, where pretrial detainees such as **OSSICK** would be housed and provided with medical care and treatment by qualified personnel capable of treating inmates like **OSSICK**, and undertook to provide medical services to the general inmate community in Lake County, Florida housed in its Detention Facilities and specifically to **OSSICK**, in accordance with the standards then prevailing in the immediate and similar inmate medical communities.

45.     Defendant **LAKE COUNTY** was, at all times material hereto, the governing body of Lake County and pursuant to *Florida Statutes* 951.06 and 951.061 was responsible for the conduct of the employees and agents of Lake County government and the Lake County Sheriff, including its operation of the Lake County Detention Center, and for establishing customs, policies, and procedures to regulate the conduct of agents and employees of the Lake County Sheriff's Office, including the Corrections Bureau, and the Detention Bureau, and for ensuring that employees and agents of the Lake County Sheriff, Corrections Bureau, and the Detention Bureau, obeyed the laws of the State of Florida and the United States.

46.     Notwithstanding those duties, **LAKE COUNTY**, by and through its agents, apparent agents, employees and/or servants, was careless and negligent in the care and treatment of **OSSICK**, and fell below the acceptable standard of care to treat **OSSICK** in one or more of the following ways when its nursing and medical personnel, including, but not limited to, **WILSON AND ANGLES:**

> A)     Failing to conduct any appropriate nursing, medical, mental health counseling or toxicology screening of **Denise Ossick,**
>
> B)     Failing to take an appropriate medical history of **Denise Ossick** when she was booked into the jail;

C)   Failing to properly evaluate and screen **Denise Ossick** before placing her in the "restraint chair";

D)   Failing to realize that **Denise Ossick** was clearly not an appropriate candidate for the "restraint chair" when they knew and had actual notice from prior dealings with her that she suffered from Multiple Sclerosis, asthma, arthritis, bi-polar disorder, and a past history of drug use;

E)   Failing to implement appropriate standards and policies for screening, evaluating, and placing inmates in the "restraint chair", or in the alternative, failing to follow those standards and policies in this case;

F)   Exhibiting deliberate indifference and recklessness by knowingly placing Denise Ossick in a defective "restraint chair" which was clearly a risk to her life and safety;

G)   Failing to appropriately place and secure **Denise Ossick** in the restraint chair such that her maneuvering caused the defective strap to strangle her to death;

H)   Failing to appropriately monitor **Denise Ossick** after placing her in the restraint chair as evidenced by the fact that she was unsupervised long enough to become unresponsive and without a pulse from lack of oxygen;

I)   Failure to obtain orders, intervention, or any form of treatment, including ongoing assessment of and proper medical management, to include appropriate medications, appropriate monitoring of vital signs, of **OSSICK** once she was placed in the restraint chair.

J)   Failure to adequately train its employees, agents or servants to properly evaluate, monitor and manage inmates once placed in a "restraint chair";

K)   Failure to equip or establish its Detention Facilities in such a way that they would be capable of adequately intervening or managing the treatment of inmates who experience problems in the "restraint chair";

L)   All of this conduct was under color of state law and constitutes a clear and deliberate indifference to her life, safety and welfare.

47.   **LAKE COUNTY** was negligent in the care and treatment rendered to **OSSICK**, in that **LAKE COUNTY**, as identified and set forth above, breached the prevailing standard of care of a health care provider, to wit: The level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

48.   As a direct and proximate result of the negligent treatment set forth above **OSSICK** suffered a ligature strangulation and death.

49.   At the time of her death, **OSSICK** left behind survivors and beneficiaries under Florida's Wrongful Death Act, including her estate, and her children, **THOMAS FISKE, JR., CHRISTOPHER FISKE; and CHRISTINA FISKE.**

50.   As a direct and proximate result of the aforesaid negligence of **LAKE COUNTY**, the Plaintiff is entitled to recover the following damages on behalf of the Estate and Survivors of the Estate as provided for under Fla. Stat. §768.21, including:

a.   medical and funeral expenses due to the decedent's injury and death:

b.   loss of prospective net accumulations to the decedent's estate;

c.   past and future loss of the decedent's companionship and protection and mental pain and suffering due to the decedent's injury and death by the surviving children; and

d.     past and future loss of support and services from the decedent by the
surviving children.

WHEREFORE, Plaintiff, **DAWN EDGAR,** as Personal Representative of the Estate of
**DENISE OSSICK,** sues Defendant **LAKE COUNTY** and demands judgment in excess of
$15,000, exclusive of interest and costs, and demand trial by jury of all issues so triable.

**COUNT IV**
**NEGLIGENCE RESULTING IN WRONGFUL DEATH**
**AGAINST DEFENDANT LAKE COUNTY SHERIFF'S OFFICE AND J.M BUDDY**
**PHILLIPS AND CHRIS DANIELS**
**(AND VICARIOUS LIABILITY FOR LISA WILSON, LPN; FAY ANGLES, LPN;**
**DETARA WESLEY; BRIA BRITTEN;**
**TRACY FERGUSON; and BRIAN WARDINGLEY)**

51.     Plaintiff realleges and incorporates by reference paragraphs 1 through 35, above,
as though fully set forth therein.

52.     This is an action for Wrongful Death pursuant to Section 768.28, Florida Statutes
for the negligent acts of the corrections officers, **WESLEY, BRITTEN, FERGUSON AND**
**WARDINGLEY** and health care providers, **WILSON AND ANGLES** who were acting as the
agents, servants or apparent agents of **SHERIFF'S OFFICE, PHILLIPS AND DANIELS**
while **OSSICK** was incarcerated.

53.     As a direct and proximate result of the conduct of Defendant **SHERIFF'S**
**OFFICE, PHILLIPS and DANIELS** and their employees, servants and agents as set forth
above, **OSSICK** died on March 4, 2004.

54.     At the time of her death, **OSSICK** left behind survivors and beneficiaries under
Florida's Wrongful Death Act, including her estate, and her children.

WHEREFORE, Plaintiff demands judgment and damages against Defendant
**SHERIFF'S OFFICE, PHILLIPS AND DANIELS** including damages for the past and future

loss of support and services, past and future lost parental companionship, instruction and guidance and the past and future mental pain and suffering of **OSSICK'S** children, medical and funeral expenses, loss of net accumulation by the Estate and any other damages recoverable under Florida law. Plaintiff demands a trial by jury of all issues so triable.

**COUNT V**
**NEGLIGENCE RESULTING IN PAIN AND SUFFERING**
**OF OSSICK AGAINST  DEFENDANT SHERIFF'S OFFICE AND PHILLIPS AND DANIELS**
**(AND VICARIOUS LIABILITY FOR LISA WILSON, LPN; FAY ANGLES, LPN;**
**DETARA WESLEY; BRIA BRITTEN;**
**TRACY FERGUSON; and BRIAN WARDINGLEY)**

55.     Plaintiff realleges and incorporates by reference paragraphs 1 through 35, above, as though fully set forth therein.

56.     This is an alternative survival action to Count IV above for pain and suffering of **OSSICK** pursuant to Section 46.021, *Florida Statutes*, for the negligent acts of the corrections officers, **WESLEY, BRITTEN, FERGUSON AND WARDINGLEY** and health care providers, **WILSON AND ANGLES** and who were acting as the agents, servants or apparent agents of **SHERIFF'S OFFICE, PHILLIPS AND DANIELS** while **OSSICK** was incarcerated.

57.     As a direct and proximate result of the conduct of Defendant **SHERIFF'S OFFICE, PHILLIPS AND DANIELS** and its employees, servants and agents as set forth above, **OSSICK** suffered severe mental and physical pain and suffering prior to her death on March 4, 2004.

WHEREFORE, Plaintiff demands judgment and damages against Defendant **SHERIFF'S OFFICE, PHILLIPS AND DANIELS** including damages for the mental and

physical pain and suffering of **OSSICK** and any other damages recoverable under Florida law.
Plaintiff demands a trial by jury of all issues so triable.

## COUNT VI
## MEDICAL NEGLIGENCE RESULTING IN WRONGFUL DEATH
## AGAINST DEFENDANT SHERIFF'S OFFICE, PHILLIPS AND DANIELS
### (AND VICARIOUS LIABILITY FOR WILSON AND ANGLES)

58.     Plaintiff realleges and readopts by reference paragraphs 1 through 35, above, as if
fully set forth herein.

59.     At all times material hereto, **SHERIFF'S OFFICE, PHILLIPS AND DANIELS**
held itself out to the public as operating a Detention Facility in LAKE County, Florida, where
pretrial detainees such as **OSSICK** would be housed and provided with medical care and
treatment by qualified personnel capable of treating inmates like **OSSICK**, and undertook to
provide medical services to the general inmate community in Lake County, Florida housed in its
Detention Facilities and specifically to **OSSICK**, in accordance with the standards then
prevailing in the immediate and similar inmate medical communities.

60.     Defendant **SHERIFF'S OFFICE, PHILLIPS AND DANIELS** were, at all
times material hereto, responsible for the conduct of the employees and agents of the Lake
County Sheriff, including its operation of the Lake County Detention Center, and  for
establishing customs, policies, and procedures to regulate the conduct of agents and employees
of the Lake County Sheriff's Office, including the Corrections Bureau, and the Detention
Bureau, and for ensuring that employees and agents of the Lake County Sheriff, Corrections
Bureau, and the Detention Bureau, obeyed the laws of the State of Florida and the United States.

61.     Notwithstanding those duties, **SHERIFF'S OFFICE, PHILLIPS AND
DANIELS**, by and through its agents, apparent agents, employees and/or servants, were careless
and negligent in the care and treatment of **OSSICK**, and fell below the acceptable standard of

care to treat **OSSICK** in one or more of the following ways when its nursing and medical personnel, including, but not limited to, **WILSON AND ANGLES:**

A)  Failing to conduct any appropriate nursing, medical, mental health counseling or toxicology screening of **Denise Ossick,**

B)  Failing to take an appropriate medical history of **Denise Ossick** when she was booked into the jail;

C)  Failing to properly evaluate and screen **Denise Ossick** before placing her in the "restraint chair";

D)  Failing to realize that **Denise Ossick** was clearly not an appropriate candidate for the "restraint chair" when they knew and had actual notice from prior dealings with her that she suffered from Multiple Sclerosis, asthma, arthritis, bi-polar disorder, and a past history of drug use;

E)  Failing to implement appropriate standards and policies for screening, evaluating, and placing inmates in the "restraint chair", or in the alternative, failing to follow those standards and policies in this case;

F)  Exhibiting deliberate indifference and recklessness by knowingly placing Denise Ossick in a defective "restraint chair" which was clearly a risk to her life and safety;

G)  Failing to appropriately place and secure **Denise Ossick** in the restraint chair such that her maneuvering caused the defective strap to strangle her to death;

H)  Failing to appropriately monitor **Denise Ossick** after placing her in the restraint chair as evidenced by the fact that she was unsupervised long enough to become unresponsive and without a pulse from lack of oxygen;

I)      Failure to obtain orders, intervention, or any form of treatment, including ongoing assessment of and proper medical management, to include appropriate medications, appropriate monitoring of vital signs, of **OSSICK** once she was placed in the restraint chair.

J)      Failure to adequately train its employees, agents or servants to properly evaluate, monitor and manage inmates once placed in a "restraint chair";

K)      Failure to equip or establish its Detention Facilities in such a way that they would be capable of adequately intervening or managing the treatment of inmates who experience problems in the "restraint chair";

L)      All of this conduct was under color of state law and constitutes a clear and deliberate indifference to her life, safety and welfare.

62.     **SHERIFF'S OFFICE, PHILLIPS AND DANIELS** were negligent in the care and treatment rendered to **OSSICK**, in that **SHERIFF'S OFFICE, PHILLIPS AND DANIELS,** as identified and set forth above, breached the prevailing standard of care of a health care provider, to wit: The level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

63.     As a direct and proximate result of the negligent treatment set forth above **OSSICK** suffered a ligature strangulation and death.

64.     At the time of her death, **OSSICK** left behind survivors and beneficiaries under Florida's Wrongful Death Act, including her estate, and her children, **THOMAS FISKE, JR., CHRISTOPHER FISKE; and CHRISTINA FISKE.**

65.     As a direct and proximate result of the aforesaid negligence of **SHERIFF'S OFFICE, PHILLIPS AND DANIELS,** the Plaintiff is entitled to recover the following

damages on behalf of the Estate and Survivors of the Estate as provided for under Fla. Stat. §768.21, including:

      a.    medical and funeral expenses due to the decedent's injury and death;

      b.    loss of prospective net accumulations to the decedent's estate;

      c.    past and future loss of the decedent's companionship and protection and mental pain and suffering due to the decedent's injury and death by the surviving children; and

      d.    past and future loss of support and services from the decedent by the surviving children.

WHEREFORE, Plaintiff, **DAWN EDGAR,** as Personal Representative of the Estate of **DENISE OSSICK**, sues Defendant **LAKE COUNTY** and demands judgment in excess of $15,000, exclusive of interest and costs, and demand trial by jury of all issues so triable.

<u>COUNT VII</u>
<u>MEDICAL NEGLIGENCE RESULTING IN WRONGFUL DEATH AGAINST</u>
<u>DEFENDANT NURSES WILSON AND ANGLES</u>

66.    Plaintiff realleges and incorporates paragraphs 1 through 35, above, as though fully set forth herein.

67.    This is an action for wrongful death pursuant to medical negligence against **WILSON AND ANGLES** pursuant to Sections 768.18-768.21, *Florida Statutes*.

68.    **DEFENDANT NURSES WILSON AND ANGLES** had a duty to render to **OSSICK** medical care and treatment in accordance with the prevailing professional standard of care in Central Florida and other similar medical communities while **OSSICK** was incarcerated at the Detention Facility.

69.     **DEFENDANT NURSES WILSON AND ANGLES** deviated from the acceptable standards of care in their care and treatment of  **OSSICK** and fell below the acceptable standard of care to treat **OSSICK** in one or more of the following ways:

A)      Failing to conduct any appropriate nursing, medical, mental health counseling or toxicology screening of **Denise Ossick,**

B)      Failing to take an appropriate medical history of **Denise Ossick** when she was booked into the jail;

C)      Failing to properly evaluate and screen **Denise Ossick** before placing her in the "restraint chair";

D)      Failing to realize that **Denise Ossick** was clearly not an appropriate candidate for the "restraint chair" when they knew and had actual notice from prior dealings with her that she suffered from Multiple Sclerosis, asthma, arthritis, bi-polar disorder, and a past history of drug use;

E)      Failing to implement appropriate standards and policies for screening, evaluating, and placing inmates in the "restraint chair", or in the alternative, failing to follow those standards and policies in this case;

F)      Exhibiting deliberate indifference and recklessness by knowingly placing Denise Ossick in a defective "restraint chair" which was clearly a risk to her life and safety;

G)      Failing to appropriately place and secure **Denise Ossick** in the restraint chair such that her maneuvering caused the defective strap to strangle her to death;

H)   Failing to appropriately monitor **Denise Ossick** after placing her in the restraint chair as evidenced by the fact that she was unsupervised long enough to become unresponsive and without a pulse from lack of oxygen;

I)   Failure to obtain orders, intervention, or any form of treatment, including ongoing assessment of and proper medical management, to include appropriate medications, appropriate monitoring of vital signs, of **OSSICK** once she was placed in the restraint chair.

J)   Failure to adequately or properly evaluate, monitor and manage inmates once placed in a "restraint chair";

K)   Failure to equip or establish its Detention Facilities in such a way that they would be capable of adequately intervening or managing the treatment of inmates who experience problems in the "restraint chair";

L)   All of this conduct was under color of state law and constitutes a clear and deliberate indifference to her life, safety and welfare.

70.   **DEFENDANT NURSES WILSON AND ANGLES** were negligent in the care and treatment rendered to **OSSICK**, in that they, as identified and set forth above, breached the prevailing standard of care of a health care provider, to wit: The level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers.

71.   As a direct and proximate result of the negligent treatment set forth above **OSSICK** suffered a ligature strangulation and death.

72.   At the time of her death, **OSSICK** left behind survivors and beneficiaries under Florida's Wrongful Death Act, including her estate, and her children, **THOMAS FISKE, JR., CHRISTOPHER FISKE; and CHRISTINA FISKE.**

73.   As a direct and proximate result of the aforesaid negligence of **DEFENDANT NURSES WILSON AND ANGLES**, the Plaintiff is entitled to recover the following damages on behalf of the Estate and Survivors of the Estate as provided for under Fla. Stat. §768.21, including:

        a.    medical and funeral expenses due to the decedent's injury and death;

        b.    loss of prospective net accumulations to the decedent's estate;

        c.    past and future loss of the decedent's companionship and protection and mental pain and suffering due to the decedent's injury and death  by the surviving children; and

        d.    past and future loss of support and services from the decedent by the surviving children.

WHEREFORE, Plaintiff, **DAWN EDGAR,** as Personal Representative of the Estate of **DENISE OSSICK,** sues **DEFENDANT NURSES WILSON AND ANGLES** and demands judgment in excess of $15,000, exclusive of interest and costs, and demand trial by jury of all issues so triable.

**COUNT VIII**
**VIOLATION OF CIVIL RIGHTS - 42 U.S.C. §1983**
**AGAINST LAKE COUNTY**

74.   Plaintiff realleges and incorporates by reference paragraphs 1 through 35, above, as though fully set forth herein.

75.   This is an action for violation of Constitutional rights under 42 U.S.C. §1983 against Defendant, **LAKE COUNTY,** for failing to enact laws, and failing to enact or promulgate sufficient policies or procedures to insure against the deliberate indifference to **OSSICK'S** serious medical and psychiatric needs knowing that a failure to do so could result in serious medical consequences, including death of inmates such as **OSSICK.**

76.    Alternatively, **LAKE COUNTY** employed a custom of violating its own policies and procedures which resulted in deliberate indifference to **OSSICK'S** serious medical needs. All Defendants had actual notice of **OSSICK'S** condition and history and knew that she was not an appropriate candidate for the "restraint chair". Notwithstanding such knowledge, Defendants were deliberately indifferent to **OSSICK'S** serious medical needs. Some or all of the Constitutional violations and intentional misconduct of Defendants (set forth in detail above and incorporated herein by reference) ultimately resulted in her death.

77.    **OSSICK'S** death and/or physical and mental pain and suffering was a reasonably foreseeable result and consequence of the custom of ignoring existing policies and procedures and/or failing to enact sufficient policies and procedures by the Defendant, **LAKE COUNTY**, resulting in the deliberate indifference to **OSSICK'S** serious medical needs and/or cruel and unusual punishment of **OSSICK.**

78.    Defendant, **LAKE COUNTY**, through the actions of the above-named Defendants, and as fully described above, caused **OSSICK** to be subjected to the deprivation of rights, privileges and immunities secured by the Constitution and the laws of the United States, including:

      a.    The right to substantive and procedural due process protected by the Fourteenth Amendment:

      b.    The right not to be subjected to cruel, unusual, and excessive punishment as guaranteed to prisoners by the Fourteenth Amendment; and

      c.    The right to have serious medical and psychiatric needs addressed in a timely manner as guaranteed to prisoners by the Fourteenth Amendment.

79.    As a direct, proximate and foreseeable result of the Constitutional violations as set forth above, **OSSICK** suffered severe physical injuries and mental and physical pain and

suffering. Some or all of the Constitutional violations and intentional misconduct of Defendants ultimately resulted in her death and loss of enjoyment of life. **OSSICK'S** survivors, including her children, have lost her support and services, her companionship, instruction, and guidance and have incurred great mental pain and suffering, which losses will continue in the future. **OSSICK'S** Estate has lost the net accumulations and value of his earnings and earning capacity, and **OSSICK'S** survivors and/or Estate have incurred medical and funeral expenses.

WHEREFORE, Plaintiff demands judgment against Defendant, **LAKE COUNTY** for compensatory damages for wrongful death of **OSSICK**, damages for the pain and suffering of **OSSICK**, damages for **OSSICK'S** loss of enjoyment of life, punitive damages, attorneys' fees pursuant to 42 U.S.C. §1988, and costs and such other and further relief as this Court deems just and proper and demands a trial by jury of all claims.

**COUNT IX**
**VIOLATION OF CIVIL RIGHTS - 42 U.S.C. §1983**
**AGAINST SHERIFF'S OFFICE, PHILLIPS AND DANIELS**

80.     Plaintiff realleges and incorporates by reference paragraphs 1 through 35, above, as though fully set forth herein.

81.     This is an action for violation of Constitutional rights under 42 U.S.C. §1983 against Defendant, **SHERIFF'S OFFICE, PHILLIPS AND DANIELS**, for failing to enact laws, and failing to enact or promulgate sufficient policies or procedures to insure against the deliberate indifference to **OSSICK'S** serious medical needs knowing that a failure to do so could result in serious medical consequences, including death of inmates such as **OSSICK**, and violation of **OSSICK'S** Constitutional rights by designing, implementing and enforcing policies and procedures which permitted Deputies, Nurses, Health Care Providers and/or Correctional Officers to use unlimited, unnecessary, unrestrained and excessive force in controlling inmates at the Detention Facility. Regardless of the content of any formal policies and procedures,

Defendant **SHERIFF** had a custom and practice of condoning and permitting excessive use of force in the control of inmates, of permitting routine use of the "Restraint Chair" for purposes of punishment, control and convenience as opposed to legitimate purposes.

82.     Alternatively, **SHERIFF'S OFFICE, PHILLIPS AND DANIELS** employed a custom of violating its own policies and procedures which resulted in deliberate indifference to **OSSICK'S** serious medical needs.  All Defendants had actual notice of **OSSICK'S** condition and history and knew that she was not an appropriate candidate for the "restraint chair". Notwithstanding such knowledge, Defendants were deliberately indifferent to **OSSICK'S** serious medical needs. Some or all of the Constitutional violations and intentional misconduct of Defendants ultimately resulted in her death.

83.     **OSSICK'S** death and/or physical and mental pain and suffering was a reasonably foreseeable result and consequence of the custom of ignoring existing policies and procedures and/or failing to enact sufficient policies and procedures by the Defendants, **SHERIFF'S OFFICE, PHILLIPS AND DANIELS**, resulting in the deliberate indifference to **OSSICK'S** serious medical and psychiatric needs and/or cruel and unusual punishment of **OSSICK.**

84.     Defendant, **SHERIFF'S OFFICE, PHILLIPS AND DANIELS**, through the actions of the above-named Defendants, and as fully described above, caused **OSSICK** to be subjected to the deprivation of rights, privileges and immunities secured by the Constitution and the laws of the United States, including:

a.     The right to substantive and procedural due process protected by the Fourteenth Amendment;

b.     The right not to be subjected to cruel, unusual, and excessive punishment as guaranteed to prisoners by the Fourteenth Amendment; and

c.      The right to have serious medical and psychiatric needs addressed in a timely manner as guaranteed to prisoners by the Fourteenth Amendment.

85.     As a direct, proximate and foreseeable result of the Constitutional violations as set forth above, **OSSICK** suffered severe physical injuries and mental and physical pain and suffering. Some or all of the Constitutional violations and intentional misconduct of Defendants ultimately resulted in her death and loss of enjoyment of life. **OSSICK'S** survivors, including her children, have lost her support and services, her companionship, instruction, and guidance and have incurred great mental pain and suffering, which losses will continue in the future. **OSSICK'S** Estate has lost the net accumulations and value of his earnings and earning capacity, and **OSSICK'S** survivors and/or Estate have incurred medical and funeral expenses.

WHEREFORE, Plaintiff demands judgment against Defendant, **LAKE COUNTY** for compensatory damages for wrongful death of **OSSICK,** damages for the pain and suffering of **OSSICK,** damages for **OSSICK'S** loss of enjoyment of life, punitive damages, attorneys' fees pursuant to 42 U.S.C. §1988, and costs and such other and further relief as this Court deems just and proper and demands a trial by jury of all claims.

<u>COUNT X</u>
<u>VIOLATION OF CIVIL RIGHTS - 42 U.S.C.§1983</u>
<u>AGAINST DEFENDANTS WILSON, ANGLES, WESLEY, BRITTEN, FERGUSON,</u>
<u>AND WARDINGLEY</u>

86.     Plaintiff realleges and incorporates paragraphs 1 through 35, above, as though fully set forth therein.

87.     This is an action for violation of Constitutional rights under 42 U.S.C. §1983 against **DEFENDANTS WILSON, ANGLES, WESLEY, BRITTEN, FERGUSON, AND WARDINGLEY.**

88.    **DEFENDANTS WILSON, ANGLES, WESLEY, BRITTEN, FERGUSON, AND WARDINGLEY,** while acting under color of state law and by virtue of the authority vested in them by the State or its agencies, had actual and/or constructive notice, by virtue of the history and behavior exhibited by **OSSICK,** that she was not an appropriate candidate for the "restraint chair".

89.    **OSSICK'S** pain and suffering and death was the reasonably foreseeable result and consequence of Defendants' deliberate indifference and reckless disregard of their obligation to provide adequate screening, medical monitoring, care and treatment, in failing to respond to the emergency medical situation presented by **OSSICK,** and in failing to have appropriate and functioning medical equipment available for the nurses' use, and in failing to request that qualified medical care from a physician be provided to **OSSICK.**

90.    **DEFENDANTS WILSON, ANGLES, WESLEY, BRITTEN, FERGUSON, AND WARDINGLEY,** demonstrated reckless and/or deliberate indifference to **OSSICK'S** fundamental and clearly established Constitutional rights and evidenced an intentional and conscious disregard and indifference to **OSSICK'S,** and other inmates, life, safety and welfare in the following actions which all violated **OSSICK'S** Constitutional rights:

A)    Failing to conduct any appropriate nursing, medical, mental health counseling or toxicology screening of **Denise Ossick,**

B)    Failing to take an appropriate medical history of **Denise Ossick** when she was booked into the jail;

C)    Failing to properly evaluate and screen **Denise Ossick** before placing her in the "restraint chair";

D)   Failing to realize that **Denise Ossick** was clearly not an appropriate candidate for the "restraint chair" when they knew and had actual notice from prior dealings with her that she suffered from Multiple Sclerosis, asthma, arthritis, bi-polar disorder, and a past history of drug use;

E)   Failing to implement appropriate standards and policies for screening, evaluating, and placing inmates in the "restraint chair", or in the alternative, failing to follow those standards and policies in this case;

F)   Exhibiting deliberate indifference and recklessness by knowingly placing Denise Ossick in a defective "restraint chair" which was clearly a risk to her life and safety;

G)   Failing to appropriately place and secure **Denise Ossick** in the restraint chair such that her maneuvering caused the defective strap to strangle her to death;

H)   Failing to appropriately monitor **Denise Ossick** after placing her in the restraint chair as evidenced by the fact that she was unsupervised long enough to become unresponsive and without a pulse from lack of oxygen:

I)   Failure to obtain orders, intervention, or any form of treatment, including ongoing assessment of and proper medical management, to include appropriate medications, appropriate monitoring of vital signs, of **OSSICK** once she was placed in the restraint chair.

J)   Failure to adequately or properly evaluate, monitor and manage inmates once placed in a "restraint chair";

K)   Failure to equip or establish its Detention Facilities in such a way that they would be capable of adequately intervening or managing the treatment of inmates who experience problems in the "restraint chair";

L)   All of this conduct was under color of state law and constitutes a clear and deliberate indifference to her life, safety and welfare.

91.   These Defendants' failure to care for and provide treatment to **OSSICK** was so grossly incompetent and inadequate as to shock the conscience or to be intolerable to fundamental fairness.

92.   **DEFENDANTS WILSON, ANGLES, WESLEY, BRITTEN, FERGUSON, AND WARDINGLEY**, through their actions described above, caused **OSSICK** to be subjected to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, including:

a.   The right to substantive and procedural due process as protected by the Fourteenth Amendment;

b.   The right not to be subjected to cruel, unusual and excessive punishment, as guaranteed to pretrial detainees by the Fourteenth Amendment; and

c.   The right to have serious medical and psychiatric needs addressed in a timely manner as guaranteed to prisoners by the Fourteenth Amendment.

93.   As a direct, proximate and foreseeable result of the Constitutional violations and misconduct of the **DEFENDANTS WILSON, ANGLES, WESLEY, BRITTEN, FERGUSON, AND WARDINGLEY,** as set forth above, **OSSICK** suffered severe physical and emotional injuries, which ultimately resulted in his death and loss of enjoyment of life. **OSSICK'S** survivors, including her children, have lost his support and services, his

companionship, instruction and guidance and have incurred great mental pain and suffering, which losses will continue into the future. **OSSICK'S** Estate has lost the net accumulations and value of his earnings and earning capacity, and **OSSICK'S** survivors and/or Estate have incurred medical and funeral expenses.

WHEREFORE, Plaintiff demands judgment against **DEFENDANTS WILSON, ANGLES, WESLEY, BRITTEN, FERGUSON, AND WARDINGLEY,** for compensatory damages for wrongful death, punitive damages, damages for **OSSICK'S** loss of enjoyment of life, damages for **OSSICK'S** pain and suffering, punitive damages, attorneys' fees pursuant to 42 U.S.C. §1988, and such other relief as this Court deems just and demand a trial by jury of all claims.

DATED this ____1st____ day of March, 2006.

_____
NATHAN P. CARTER
Florida Bar No.: 0083641
COLLING GILBERT & WRIGHT, LLC
2301 Maitland Center Parkway, Ste. 240
Maitland, FL 32751
Tele: (407)712-7300
Fax:  (407)712-7301
Attorneys for Plaintiffs

# IN THE CIVIL COURT OF THE FIFTH
# JUDICIAL CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA

**DAWN EDGAR** Personal Representative
of the Estate of **DENISE OSSICK**,
Deceased, and **THOMAS FISKE, JR.,**
**CHRISTOPHER FISKE; and CHRISTINA**
**FISKE**, natural minor children of the deceased,

O6CA 263

     Plaintiffs,

vs.

**LAKE COUNTY, FLORIDA;**
**THE LAKE COUNTY SHERIFF'S OFFICE;**
**J.M. "BUDDY" PHILLIPS**, Immediate Past Lake
County Sheriff, **CHRIS DANIELS**, current Lake County
Sheriff; **LISA WILSON, LPN; FAY ANGLES, LPN;**
**DETARA WESLEY; BRIA BRITTEN;**
**TRACY FERGUSON;** and
**BRIAN WARDINGLEY**

     Defendants.
_____/

## CIVIL COVER SHEET

**II. TYPE OF CASE** (Place an x in one box only. If the case fits more than one type of case, select the most definitive.)

Domestic Relations
\_\_ Simplified dissolution
\_\_ Dissolution
\_\_ Support - IV-D
\_\_ Support - Non IV-D
\_\_ URESA - IV-D
\_\_ Domestic Violence
\_\_ Other domestic relations
    Torts
\_\_ Professional Malpractice
\_\_ Products liability
\_\_ Auto negligence
\_X\_ Other negligence

Other Civil
\_\_ Contracts
\_\_ Condominium
\_\_ Real Property/Mortgage

\_\_ Eminent domain

**III. Is jury trial demanded in Complaint?**
\_X\_ Yes
\_\_\_\_ No

DATE: March \_\_\_ , 2006

**NATHAN P. CARTER, ESQUIRE**
Florida Bar No.: 0083641
COLLING GILBERT & WRIGHT
Attorneys for Plaintiff
2301 Maitland Center Parkway, Ste. 240
Maitland, FL 32751
Telephone: (407) 712-7315

